[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10592

_____

D. C. Docket No. 1:09-cv-22607-EGT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2012
JOHN LEY
CLERK

MARLITE, INC.,

Plaintiff-Counter Defendant-
Appellee,

versus

AMERICA CANAS, et al.,

Defendants-Counter Claimants,

MODULAR WOOD SYSTEMS INC.,

Defendant-Counter Claimant-
Appellant.

_____

No. 11-10593

_____

D.C. Docket No. 1:09-cv-22607-EGT

MARLITE, INC.,

versus

AMERICA CANAS, et al.,

Defendants-Counter
Claimants,

ALVIN ECKENROD,

Defendant-Counter
Claimant-Appellant.

———————

Appeals from the United States District Court
for the Southern District of Florida

———————

(January 30, 2012)

Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

These appeals arise from breaches of various agreements and restrictive covenants by America Canas ("Canas"), Modular Wood Systems, Inc. ("Modular") and Alvin Eckenrod ("Eckenrod"), as the result of which Marlite, Inc. lost business and profits. Marlite commenced an action in the United States District Court for the Northern District of Ohio, against Canas only. After a full

evidentiary hearing, the United States District Court for the Northern District of Ohio, issued a preliminary injunction against Canas. Subsequently, the case was transferred from the Northern District of Ohio to the Southern District of Florida. After the transfer, Marlite was granted leave to amend its complaint to add Modular and Eckenrod as defendants because both were subject to jurisdiction in Florida, and Marlite discovered evidence demonstrating a good faith basis for bringing claims against them.

Modular filed a counter-claim seeking damages for alleged violations of a confidentiality agreement between Eckenrod and Marlite.

Marlite and defendants Eckenrod and Modular filed cross-motions for summary judgment. In its motion, Marlite sought judgment upon the claims asserted in its second amended complaint, including its claim for breach of contract against Eckenrod. Eckenrod opposed the motion. The district court entered an order denying defendants Eckenrod and Modular's motion for summary judgment, denying Marlite's motion as to claims asserted by and against Modular, granting summary judgment in Marlite's favor on its claim for breach of contract against Eckenrod, and finding that Marlite was entitled to reasonable attorney's fees on its claim for breach of contract. The cases then proceeded to a jury trial before a magistrate judge. At trial, the jury was called upon to determine

3

the issue of damages resulting from Eckenrod's breach of his non-competition agreement with Marlite and to determine issues of liability and damages related to the claims asserted by and against Modular.

After a ten-day jury trial, the jury returned a verdict awarding damages in the amount of $43,392.50 to Marlite and against Eckenrod on Marlite's claim for breach of contract, and awarded an additional sum of $355,584.50 to Marlite and against Modular on Marlite's claims for misappropriation of trade secrets and tortious interference with contract, and finding in Marlite's favor on Modular's counter-claim.

Thereafter, Eckenrod and Modular filed a motion for a judgment as a matter of law and a motion for new trial. These motions were denied by the district court and final judgment was entered in Marlite's favor on the jury's verdict. The parties then perfected these appeals.

The issues presented on appeal are:

(1) Whether the district court failed to properly construe the provisions in the Asset Purchase Agreement and Eckenrod's Non-Competition Agreement allowing the appropriate claims to go to the jury for its verdict and denying Modular's motion for judgment as a matter of law.

(2) Whether the district court properly denied Modular's renewed motion for judgment as a matter of law on Marlite's misappropriation of trade secrets and tortious interference with contract claims.

(3) Whether the district court erred in granting summary judgment against Eckenrod on Marlite's breach of contract claim when Eckenrod hired Canas.

(4) Whether the district court properly denied Modular's motion for judgment as a matter of law on the jury's awards of damages as to Eckenrod individually and Modular and Eckenrod jointly and severally.

We review a grant of summary judgment *de novo*, applying the same legal standards that govern the district court's decision. *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th cir. 2001).

"We review a district court's denial of a motion for judgment as a matter of law *de novo*, applying the same standards as the district court." *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments presented by Modular or Eckenrod on appeal. Accordingly, we affirm the district court's grant of partial summary judgment to Marlite, the judgment entered on the jury's verdict and the district court's order on all post-trial motions.

**AFFIRMED.**